IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONNA F. MILLER, | § | |
| | § | No. 394, 2014 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below:  Court of |
| | § | Chancery of the State of |
| v. | § | Delaware |
| | § | |
| NATIONAL LAND PARTNERS, | § | C.A. No. 7977-VCG |
| LLC, LEON HUNTER WILSON, | § | |
| and HUNTER COMPANY OF | § | |
| WEST VIRGINIA, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted:  February 25, 2015
Decided:   February 26, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices; **MEDINILLA**, Judge,[*] constituting the Court *en Banc*.

## **O R D E R**

This 26th day of February 2015, upon consideration of the parties' briefs and oral argument on appeal, it appears to this Court that:

(1) In this appeal, appellant Donna Miller contends that the Court of Chancery committed multiple errors when it reformed the contractual agreements between appellees Hunter Company and National Land Partners governing several of their joint projects.  Donna Miller is the ex-wife of appellee Leon Hunter Wilson, who owned all the equity of Hunter Company after the parties divorced. Miller contends that large payments Wilson caused Hunter Company to make to

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

1

National Land Partners were fraudulent under the Uniform Fraudulent Transfer Act, not required by the underlying agreements, and designed to reduce assets that she would otherwise receive in her divorce proceeding with Wilson. The appellees argue in response that the payments were bona fide and required by the actual contractual understanding between Hunter Company and National Land Partners. They contend that the Court of Chancery correctly determined that they had met their burden to prove that the contractual agreements should be reformed to include a term that had been omitted due to a scrivener's error, and they ask that the Opinion and Order of the Court of Chancery be affirmed. After careful consideration of these arguments, we affirm the judgment of the Court of Chancery in its well-reasoned Opinion, dated June 11, 2014, that addresses all of the issues fairly presented to that court.

(2) In a cross-appeal, the appellees also raise an issue that the Court of Chancery resolved adversely to them: whether the appellant, who was not a party to the underlying contracts at issue, had standing because the contractual interpretation question has been put squarely in contention as a defense to the appellant's Uniform Fraudulent Transfer Act claim. The standing issue is an interesting question of law that could have importance for other cases, and we recognize that it would be problematic for contractual parties to face being enmeshed in litigation at the behest of a non-signatory when, as here, the non-signatory to the contract has a collateral claim against a signatory, and the

2

resolution of the collateral claim turns on the contract's meaning.[1]  But, in their answering brief, the appellees make clear that they desire affirmance of the Opinion and Order entered below.  Because the appellees' preferred relief is affirmance, we do not reach the issues raised by their cross-appeal, which seeks relief only in the event we disturb the Opinion and Order issued by the Court of Chancery.  Accordingly, we affirm solely based on the merits addressed by the Court of Chancery in its Opinion.

NOW, THEREFORE, the judgment of the Court of Chancery is AFFIRMED.  IT IS SO ORDERED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[1] To be candid, the parties' input on this question to both the Court of Chancery and this Court has been less clear than their merits briefing.  In particular, the manner in which their case proceeded (*e.g.*, the appellant's pleading a separate count for declaratory relief rather than just a single Uniform Fraudulent Transfer Act claim) confused the core standing issue, which is whether the appellant had a Uniform Fraudulent Transfer Act claim against some or all of the appellees, and whether that claim could only be resolved by determining the underlying contractual issue.  The reason for the overlap is because the appellees themselves defended the allegedly fraudulent payments on the grounds that the payments were mandated by the contracts.